## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DESTINIE ANDUJAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. _____ |
| ) | |
| ATLANTA DETOX CENTER LLC, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff Destinie Andujar, by and through counsel, files this Complaint against Defendant Atlanta Detox Center LLC ("Atlanta Detox" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of her claim, Plaintiff asserts as follows:

## **INTRODUCTION**

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the period June 2021 through June 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Destinie Andujar is a resident of Georgia in this judicial district and division.

4. Defendant Atlanta Detox is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 10019 Reisterstown Rd, Owings Mills, MD 21117.

5. Defendant's registered agent for service of process is Adam Neal Struletz, 6400 Powers Ferry Road, N.W., Suite 200, Atlanta, GA 30339.

6. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.     Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9.     Defendant employed Plaintiff as a Behavioral Health Technician.

10.    At all times during her employment, Plaintiff was a non-exempt employee of Defendant.

11.    At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

12.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

**A. Plaintiff's Employment with Defendant.**

13.    Defendant hired Plaintiff in approximately June 2021.

14.    Plaintiff's employment with Defendant ended approximately June 2022.

15.    Plaintiff was employed as a Behavioral Health Technician and her job duties included, but were not limited to, participating in treatment of patients with behavioral problems caused by mental health issues, monitoring the behavior of the patients, following the guidelines of treatment from a mental health professional, and regularly reporting any progress or problems.

### B. Plaintiff's Unpaid Overtime.

16. Defendant paid Plaintiff an hourly rate for all hours worked in a given work week.

17. While Plaintiff's schedule varied, she regularly worked in excess of 40 hours per workweek.

18. Defendant paid Plaintiff an overtime rate of one and one half her normal rate of pay for some hours worked in excess of 40 hours in a given work week.

19. Throughout Plaintiff's employment, Defendant had a policy of automatically deducting a 30-minute lunch break each workday regardless of whether or not Plaintiff was able to take a lunch break.

20. Throughout Plaintiff's employment, Plaintiff was regularly required to work through her lunch break.

21. Defendant denied Plaintiff payment of any wage compensation for time spent working during her lunch break.

22. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for those lunch breaks in weeks when Plaintiff worked in excess of 40 hours.

23. Defendant willfully and/or deliberately failed to pay Plaintiff all of her

earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

24. Defendant maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

25. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

26. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

27. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

28. At all relevant times, Defendant was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

30. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

32. Plaintiff suffered damages due to Defendant's willful misconduct.

33. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 19, 2022.

                                              **HALL & LAMPROS, LLP**

                                              /s/ *Gordon Van Remmen*
                                              Christopher B. Hall
                                              Georgia Bar No. 3018380
                                              Gordon Van Remmen
                                              Ga. Bar # 215512

400 Galleria Parkway,
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*


Plaintiff's counsel certifies that this Complaint is in 14-point Times New Roman font.